UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                              :
JOSE CASTRO,                                  : CASE NO. 1:18-CV-1167
                                              :
       Petitioner,                           :
                                              :
vs.                                           : OPINION & ORDER
                                              : [Resolving Doc. No. 1]
WARDEN SHAE HARRIS,                           :
                                              :
       Respondent.                           :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Petitioner Jose Castro filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Castro currently is incarcerated in the Warren Correctional Institution, having been convicted in 2002 in the Cuyahoga County Court of Common Pleas of felonious assault, kidnaping, aggravated robbery, and aggravated burglary. Petitioner acknowledge his Habeas Petition is untimely, and asks this Court to excuse his untimeliness and allow him to proceed with the Petition. Although the Petition is written in narrative form, his only discernable grounds for relief are ineffective assistance of trial counsel and improper consecutive sentences for allied offenses of similar import. For the reasons set forth below, the Petition is denied and the action is dismissed.

**I. Background**

Petitioner was arrested and charged with felonious assault, kidnaping, aggravated robbery and aggravated burglary in connection with a July 24, 2001, home invasion at 9521 Kolar Avenue in Cleveland. Although Petitioner's mother testified that her son was at home the night of the incident playing cards with his friends, cousins, and his girlfriend, the victim knew

Petitioner and was able to identify him. The jury returned guilty verdicts on all charges. The court imposed maximum, consecutive sentences on all counts, totaling forty and one half years incarceration on March 6, 2002.

Petitioner filed a timely appeal of his conviction to the Ohio Eighth District Court of Appeals.[1] He asserted four grounds for relief: (1) there was insufficient evidence to support his conviction; (2) his conviction was against the manifest weight of the evidence; (3) the trial court erred by imposing maximum sentences; and (4) the trial court erred by imposing consecutive sentences. The Court of Appeals addressed these claims on the merits and affirmed his conviction and sentence.[2] Petitioner did not appeal this decision to the Ohio Supreme Court.

Petitioner returned to court in October 2010 seeking to be resentenced because the journal entry of conviction failed to specify a term of post release control. He also argued that the court had originally imposed improper sentences because they included multiple convictions for allied offenses of similar import. The trial court concurred with his argument pertaining to post release control, but held the doctrine of *res judicata* barred him from raising the issue of allied offenses because he could and should have asserted that claim on direct appeal. He appealed that decision to the Ohio Eighth District Court of Appeals, who also agreed that *res judicata* barred him from asserting the issue of allied offenses at that time.[3] He appealed that decision to the Ohio Supreme Court who declined jurisdiction.

---

[1] *State v. Castro*, No. 81122, 2002 WL 31320492, at *1–7 (Ohio Ct. App. Oct. 17, 2002).

[2] *Id.*

[3] *State v. Castro*, No. 97451, 2012 WL 1758695, at *1-2 (Ohio Ct. App. May 17, 2012).

Petitioner has now filed this Petition for a Writ of Habeas Corpus. The pleading is written in a disjointed narrative making it difficult for the Court to ascertain the grounds for relief he intended to assert. Construing the Petition very liberally, the only discernable grounds for relief are those of ineffective assistance of trial counsel and improper sentences for allied offenses of similar import. He asserts that his trial counsel was ineffective for not raising the issue of allied offenses at sentencing, for not presenting the testimony of his other five alibi witnesses, and for failing to object when the trial judge promised him one sentence and imposed another. He acknowledges that this Petition is untimely and that his ineffective assistance of counsel claims are unexhausted. He asks this Court to permit him to proceed despite the deficiencies in his pleading, grant the writ and order the state court to retry him, with new counsel, within a reasonable amount of time.

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to Habeas Corpus Petitions filed after that effective date.[4] When a federal court reviews an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment, all factual findings made by the state court must be presumed to be correct.[5] The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.[6] A federal court, therefore, may not grant habeas relief on any claim that was decided on the merits in any state court unless the

---

[4] *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

[5] *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008).

[6] 28 U.S.C. § 2254(e)(1).

decision either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[7]

### III. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a Writ of Habeas Corpus.[8] To be properly exhausted, each claim must have been "fairly presented" to the state courts.[9] Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim.[10] Each claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law.[11] Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in

---

[7] 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

[8] 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004).

[9] *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003).

[10] *Wagner*, 581 F.3d at 414.

[11] *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).

federal court.[12]  It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court.[13]

The procedural default doctrine serves to bar habeas review of federal claims that a state court declined to address because the Petitioner did not comply with a state procedural requirement.[14]  Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts.[15]  Failure to exhaust applies where state remedies are still available at the time of the federal Petition.[16]  In contrast, where state court remedies are no longer available, procedural default rather than exhaustion applies.[17]  Procedural default may occur in two ways.  First, a Petitioner procedurally defaults a claim if he fails to comply with state procedural rules in presenting his claim to the appropriate state court, and the state court enforced that rule and declined to reach the merits of Petitioner's claims.[18]  Second, a Petitioner may procedurally default a claim by failing to raise a claim in state court, and no longer having a remedy available him to exhaust his claims.[19]

---

[12] *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).

[13] *Id.*

[14] *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

[15] *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

[16] *Id.* at 806 (citing *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982)).

[17] *Williams*, 460 F.3d at 806.

[18] *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)

[19] *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal Habeas Corpus Petition."); *see also State v. Moreland*, 50 Ohio St.3d 58, 62 (1990) (failure to present a claim to a state court of appeals constituted a waiver).

To overcome procedural default, a Petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law.[20] "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. If Petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice.[21] Petitioner may also demonstrate a fundamental miscarriage of justice will occur if the claims are not considered  A fundamental miscarriage of justice results from the conviction of one who is "actually innocent."[22]

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

Furthermore, there is a one-year statute of limitation for filing a § 2254 petition.[23] The limitation period runs from the date on which the judgment became final by the conclusion of Petitioner's direct appeals or the date on which the time for seeking such review expired, whichever later occurs.[24] The statute of limitations is tolled by the amount of time that a properly filed state post-conviction petition or other motion for collateral review is pending.[25]

---

[20]   *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

[21]   *See Smith v. Murray*, 477 U.S. 527 (1986).

[22]   *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

[23]   28 U .S.C. § 2244(d)(1) and (2)

[24]   *Id.*

[25]   28 U.S.C. § 2244(d)(2).

The "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations."[26]

### IV. Analysis

This Petition suffers from several procedural bars to federal Habeas Corpus review. First, as Petitioner, acknowledges, this Petition is filed well after the one-year statute of limitations period expired. Petitioner's direct review ended in 2002. He was resentenced to clarify the imposition of post release control in 2010. The Ohio Supreme Court declined jurisdiction over his appeal in September 26, 2012. Petitioner filed this Habeas Petition on May 21, 2018. He acknowledges its untimeliness but offers no explanation to excuse the delay.

Second, Petitioner's claims are procedurally defaulted. He has never presented his ineffective assistance of trial counsel claim to the state courts, and because his appeals have been exhausted, he does not have an available means to pursue this claim. Petitioner attempted to assert his claim pertaining to allied offenses of similar import to the state courts at the time of resentencing for post release control; however, the courts found his claims were barred by the doctrine of *res judicata*. He has no remedies available to exhaust his claims.

To overcome a procedural bar, a Petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered.[27] Petitioner acknowledges

---

[26] Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir.2003) (quoting Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y.1998)).

[27] *Coleman*, 501 U.S. at 750.

the default but offers no reason for it, nor does he explain why he waited sixteen years from the date of his conviction and direct appeals to try to raise these claims in a Habeas Petition. He does not allege facts suggesting he is actually innocent of the charges for which he was convicted.

### V. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

Dated: August 13, 2018         *s/    James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE